UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY PERRY, JR.                                CIVIL ACTION

VERSUS                                          NUMBER: 12-00240

ORLEANS PARISH PRISON                           SECTION: "B"(5)
(H.O.D.), ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Leroy Perry, Jr., against the following ostensible defendants: Orleans Parish Prison's ("OPP") House of Detention ("HOD"); Sheriff Marlin N. Gusman; the HOD Medical Department; Ms. Pounds, a prison nurse; and, "D. Medical ADM". (Rec. doc. 3, pp. 1, 3). Plaintiff, an inmate of the Central Lockup facility at OPP, complains of two distinct occurrences. First, plaintiff alleges that on some unspecified date, he was placed in solitary confinement without having been written up for any prison rules violation because the Department of Health was conducting inspections at the jail and the warden did not want the inspectors

to see too many inmates in a cell sleeping on the floor.  Second, plaintiff cites an instance of "medical malpractice" after he made an inquiry to a nurse about his prescribed medication only to be told that another nurse, Ms. Pounds, had documented that he had already received it.  At some pint, money was reportedly deducted from plaintiff's inmate amount to cover the cost of the medication.  For these alleged violations of his constitutional rights, plaintiff seeks two hundred fifty thousand dollars in damages.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915.  A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  See also 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claims in the instant case falter for a variety of reasons.  As respects what appears to be plaintiff's brief

placement in solitary confinement,[1]/ the law is clear that decisions regarding the classification and housing of inmates are entrusted to prison officials in the first instance. See <u>Hernandez v. Velasquez</u>, 522 F.3d 556, 562 (5th Cir. 2008)(quoting <u>Wilkerson v. Stalder</u>, 329 F.3d 431, 436 (5th Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. 540 U.S. 966, 124 S.Ct. 432 (2003) and <u>McCord v. Maggio</u>, 910 F.2d 1248, 1251 (5th Cir. 1990)). In general, a prisoner has no liberty interest in his custodial classification. <u>Id</u>. (citations omitted). Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due process challenge to a change in his custodial classification, <u>id</u>., and only those conditions which impose "... atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life ..." will implicate the protections of the Due Process Clause. <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). A prisoner's placement in extended lockdown is generally not sufficiently atypical or such a significant hardship to state a claim of constitutional dimensions. <u>Hanna v. Maxwell</u>, 415 Fed.Appx. 533, 536-37 (5th Cir. 2011); <u>Fisher v. Wilson</u>, 74 Fed.Appx. 301, 302 (5th Cir. 2003); <u>Bannister v. Deville</u>, 211 F.3d 593, 2000 WL 329244 at *1 (5th Cir.)(table), <u>cert</u>.

---

[1]/ The Court has confirmed with counsel for the Sheriff that plaintiff is presently housed within the general prison population at Central Lockup.

3

denied, 531 U.S. 934, 121 S.Ct. 321 (2000).

In light of the authorities set forth above, plaintiff's claim regarding his placement in isolation fails to rise to the level of a constitutional violation. Moreover, although plaintiff alleges that his segregation was prompted by the desires of an unidentified warden, that individual has not been named as a defendant to this suit. In addition, because the doctrine of respondeat superior is inapplicable to proceedings brought under §1983, of which personal involvement is an essential element, there is no basis upon which to hold the Sheriff liable for the complained-of segregation. Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S. Ct. 2659 (1985); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983).

Plaintiff's second claim in the instant matter is that he was not dispensed prescribed medication on one occasion because Nurse Pounds had documented that he had already received it. On that score, the jurisprudence is well-established that prison officials violate the Eighth Amendment only when they demonstrate deliberate indifference to a prisoner's serious medical needs which constitutes an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323 (1991). Deliberate indifference is an "extremely high" standard to meet.

4

Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal quotation omitted). A prison official shows deliberate indifference if "... the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. Such a showing requires the inmate to demonstrate that prison "officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Tex. Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). Mere allegations of medical malpractice are insufficient to meet the deliberate indifference standard. Id.

The allegations advanced by plaintiff against Nurse Pounds sound in negligence only and fail to rise to the level of deliberate indifference sufficient to trigger the protections of the Constitution.[2]/ Whitley v. Albers, 475 U.S. 312, 319, 105

---

[2]/ To the extent that plaintiff's complaint can be read as asserting that he was deprived of property in the form of money from his inmate account for prescription medication which he did not receive, deprivation of property by a state employee is not actionable under §1983 when an adequate state law remedy exists. Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). Louisiana

5

S.Ct. 1078, 1084 (1986)(citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285 (1976)).[3]/ And for the same reasons that were discussed earlier, absent any allegations of personal involvement on the Sheriff's part there is no valid basis upon which to hold him liable here. <u>Harvey</u>, 754 F.2d at 572; <u>Thompson</u>, 709 F.2d at 382. Finally, as to the three remaining defendants, namely, the HOD, the HOD Medical Department, and the "D. Medical ADM", such are not considered to be "persons" within the meaning of §1983 or are otherwise incapable of being cast in judgment under Rule 17(b), Fed.R.Civ.P. See <u>Wetzel v. St. Tammany Parish Jail</u>, 2009 WL 586129 at *2-3 (E.D. La. March 5, 2009); <u>Calhoun v. Sanderson</u>, 2003 WL 1595088 at *4-5 (E.D. La. March 25, 2003); <u>Brooks v. Pembroke</u>, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§1915(e) and 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

---

law provides such a remedy. LSA-C.C. Art. 2315.

[3]/ Based upon a review of plaintiff's complaint, it appears that he is a pre-trial detainee. (Rec. doc. 3, p. 3). Although <u>Whitley</u> and <u>Estelle</u> were Eighth Amendment cases involving convicted prisoners, in a case such as this one challenging the episodic act or omission of jail personnel the deliberate indifference standard still applies. <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 645-48 (5th Cir. 1996).

6

judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 15th day of March, 2012.

                                            ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE